DANIEL W. DOYLE, ESQ.
State Bar No. 147705
DOYLE SCHAFER MCMAHON, LLP
5440 Trabuco Road
Irvine, CA 92620
Telephone: (949) 727-7077
Facsimile: (949) 727-1284
Email: ddoyle@dsmllp.com

Attorneys for Plaintiffs, TOTAL CONTROL TRAINING, INC. and TOTAL CONTROL TRAINING, INC., a California Corporation, as manager of and in relation to the CALIFORNIA MOTORCYCLE SAFETY PROGRAM (CMSP)

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION**

| | |
|---|---|
| TOTAL CONTROL TRAINING, INC., a California Corporation; TOTAL CONTROL TRAINING, INC., a California Corporation, as manager of and in relation to the CALIFORNIA MOTORCYCLE SAFETY PROGRAM (CMSP),<br><br>      Plaintiffs,<br><br>    v.<br><br>INLAND VALLEY MOTORSPORTS TRAINING LLC, a California Limited Liability Company; KEVIN FRANTUM, an individual; KIMBERLY FRANTUM, an individual; KERRI WATTS, an individual; and DOES 1 through 25, inclusive,<br><br>      Defendants. | Case No.:<br><br>**COMPLAINT FOR:**<br>1. **VIOLATION OF LANHAM ACT**<br>2. **VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW**<br>3. **VIOLATION OF CALIFORNIA FALSE ADVERTISING LAW**<br>4. **TRADE LIBEL**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

Plaintiffs, TOTAL CONTROL TRAINING, INC. ("TCTI") and TOTAL CONTROL TRAINING, INC. ex rel CMSP, through counsel DANIEL W. DOYLE, ESQ., of DOYLE SCHAFER MCMAHON, LLP., brings this action against Defendants INLAND VALLEY MOTORSPORTS TRAINING LLC, a California Limited Liability Company ("IVMT"); KEVIN FRANTUM, an individual ("KEVIN"); KIMBERLY FRANTUM, an individual ("KIMBERLY"); KERRI WATTS, an individual (KERRI); and DOES 1 through 25, inclusive, (collectively "Defendants"), and states, alleges, and complains as follows:

## NATURE OF THE CASE

1. This is an action for false advertising and trademark infringement in violation of the Lanham Act, 15 U.S.C. §1051 et seq., California's Unfair Competition Law, Cal. Bus. & Prof. Code §17200, et seq., and California's False Advertising Law, Cal. Bus. & Prof. Code §17500, et seq., by misleading and deceiving the public about a sanctioned motorcycle safety education program.

2. Defendants knew or should have known that their unlawful conduct, as set forth in this Complaint, would harm Plaintiffs, and by harming Plaintiffs, would also cause harm to the State of California and the California Motorcyclists Safety Program ("CMSP") managed under state contract by Plaintiffs.

3. By committing the acts alleged and targeting consumers in California, including but not limited to, making false statements in connection with the advertising and marketing of the curriculum of Plaintiff Total Control Training ("TCTI") and the claim to benefits through improper display and advertising of the logo of the California Motorcyclists Safety ("CMSP") to California customers, Defendants' acts form a substantial part of the misrepresentations giving rise to Plaintiffs' claims.

## JURISDICTION

4. This Court has original subject matter jurisdiction over this action under 28 U.S.C. §1331, §1338.

1    5.    This Court has supplemental jurisdiction over the related state law claims under 28 U.S.C. §1338, §1367.

6.    This Court also has original jurisdiction under 28 U.S.C. §1332, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

7.    This Court has specific personal jurisdiction over the Defendants named because they have purposefully availed themselves of California's laws through their activities. *CollegeSource, Inc. v. Academy One, Inc.*, 653 F.3d 1066 (9th Cir. 2011).

8.    Venue is proper under 28 U.S.C. § 1391(b) and (c) because a substantial portion of the events or omissions giving rise to this action occurred and are occurring in this Judicial district.

## PARTIES

9.    Plaintiff TOTAL CONTROL TRAINING, INC. "TCTI" is a California corporation with its place of business at 12520 Business Center Drive, Ste C, Victorville, California.

10.   Plaintiff TOTAL CONTROL TRAINING, INC. "TCTI" as manager of an in relation to the CALIFORNIA MOTORCYCLE SAFETY PROGRAM (CMSP), is a California corporation with its place of business at 12520 Business Center Drive, Ste C, Victorville, California.

11.   Defendant IVMT is a California limited liability company with its place of business at 32245 Refa Ct., Wildomar, California.

12.   Defendant KIMBERLY FRANTUM is a principal of Defendant IVMT and is listed as resident agent for service of process with residence claimed to be 32245 Refa Ct., Wildomar, California.[1]

13.   Defendant KEVIN FRANTUM is a principal of Defendant IVMT and claims residence at the IVMT place of business to be 32245 Refa Ct., Wildomar, California 92595.

---

[1] Defendants KIMBERLY FRANTUM and KEVIN FRANTUM also claim voter registration and homesteads in multiple states, including California, Arizona, and Texas.

14. Defendant KERRI WATTS is an employee of Defendant IVMT and may be served process at the IVMT place of business to be 32245 Refa Ct., Wildomar, California 92595.

15. At all times relevant hereto, JOHN and JANE DOES, 1-25, are named as the Plaintiffs are unaware of the true names, official capacities, and/or degree of involvement of said Defendants, and the Plaintiffs therefor sue said Defendants by such fictitious names.

16. Plaintiffs are informed and do believe, and thereupon allege, that each of the Defendants designated herein as DOE, is responsible in some manner for the events and happenings herein referred to; that Plaintiffs will ask leave of this Court to amend this Complaint to insert the true names and capacities of said Defendants when the same have been ascertained by the Plaintiffs, together with appropriate charging allegations, and to join said Defendants in this action.

17. Plaintiffs are informed and do believe, and thereupon allege, at all times mentioned herein, each of the Defendants was the agent, alter ego, servant or employee of the remaining Defendants, and each was acting within the course and scope of a close relationship, and/or agency and with knowledge and consent of remaining Defendants, and all Defendants are jointly and severally liable for damages suffered by Plaintiffs.

## **FACTS COMMON TO ALL CAUSES OF ACTION**

18. The State of California participates in the Traffic Safety Program of the National Highway Traffic Safety Administration ("NHTSA") of the United States Department of Transportation, mandated under federal law as a requirement to receive supplemental highway funding. 23 U.S.C. §402(a)(2)(A)(iv), §405(a)(5), §405(f).

19. Plaintiffs are the managers for the California Motorcyclists Safety Program ("CMSP"), the state legislated program, Cal.Veh.Code §2932, under contract with the California Highway Patrol ("CHP"), the agency acting as the contract Administrator.

20. The success of the CMSP under management of Plaintiffs is determined by two factors, (a) the number of students trained each year, and (b) the overall number of motorcycle fatalities reported annually, mathematically computed in an algorithm with the

factors of the number of licensed operators, number of motorcycles registered, number of new operators, number of new motorcycle registrations, increase/decrease in sales of motorcycles, and additional factors identified to determine the effectiveness of the program.

21. The success of the CMSP, since the 2014 award of contract to Plaintiffs, assists and has assisted the State of California to receive a substantial share of federal Department of Transportation funds to supplement the State of California budget, and the recognition of a member of TCTI staff to sit on the National Motorcycle Safety Advisory Board for the National Highway Safety Administration (NHTSA) of the federal Department of Transportation.

22. The curriculum of the CMSP program is the copyright intellectual property of the Plaintiffs TCTI and is provided to the CMSP under contract.

23. The logo of TCTI is the trademark property of the Plaintiffs, TCTI.

24. The logo of the CMSP is the trademark property of CMSP, managed by Plaintiffs.

25. The benefits received by a member of the general public participating in the CMSP under management of the Plaintiffs are (a) nationally certified motorcycle safety education and training, (b) license waiver recognition entitling the successful participant to a California motorcycle license endorsement, (c) a reduction in the cost of vehicle insurance, and (d) most important, the reduction of the potential threat of becoming injured or a fatality based on the behavioral modification training received.

26. Defendants' advertising and marketing is set forth in a false website scheme that tricks consumers into believing they are getting something they are not.

27. On October 16, 2020, the State of California, through the CHP contract administrator, approved the CMSP recommendation Defendant IVMT be terminated as a subcontractor of the CMSP, and Defendant KEVIN FRANTUM, 51% owner, be decertified as a CMSP instructor.

28. On October 18, 2020, Defendants appealed with documents referred to as "Rebuttals" – Defendant KIMBERLY FRANTUM for Defendant IVMT, and Defendant KEVIN FRANTUM, as an individual.

29. On October 30, 2020, Defendants were informed the "Rebuttals" submitted would be denied, and all parties were notified November 15, 2020, was the date when all actions would become final absent final appeal to the CMSP contract Administrator, California Highway Patrol.

30. The Defendants abandoned further appeal, and on November 15, 2020, the CHP contract Administrator for CMSP approved the denials and final actions.

31. On June 28, 2024, while performing routine program audit and due diligence, the CMSP Contract Administrator contacted Plaintiffs TCTI referencing the Defendants:

> "[T]hey are advertising training in California at the San Diego location currently held by Pacific Safety Center (PSC). In addition, I see they are using Total Control Training, Inc logos. As the official motorcycle training contractor for the State of California, you have the right to contact this company and request them to remove all references to the CMSP, training and licensing in California, and your company's logos."

32. Defendants, since finality of action on November 15, 2020, did not have permission or right to claim use of TCTI logo, CMSP logo, any part of TCTI curriculum, or any part of the CMSP program, and no First Amendment claim to parody, or artistic expression, is present.

33. The Arizona telephone number – 928-376-7489 - answers alternatively to a voice mail recording and a fax machine. The California telephone number - 760-842-4073 - is answered during business hours by an employee of CMSP subcontractor Pacific Safety Center – KERRI WATTS, acting contemporaneously on behalf of Defendant IVMT and parents Defendants KIMBERLY FRANTUM and KEVIN FRANTUM, who directs the caller away from the CMSP provider where she is employed to a non-CMSP training site.

34. On August 27, 2024, while being questioned under oath, Defendant KEVIN FRANTUM testified that Defendant IVMT's internet website had been discontinued and "taken down".

35. The Internet site, still available to Interstate Commerce, was, and is, of the date of this complaint:



## FIRST CAUSE OF ACTION

### (Violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a))

36. Plaintiffs reallege and incorporate herein the facts and allegations as stated within paragraphs 1 through 35, inclusive, and makes a part hereof this First Cause of Action by reference.

37. Through the actions described above, Defendants have made false and misleading representations of fact about Plaintiffs TOTAL CONTROL TRAINING and the California Motorcyclists Safety Program ("CMSP") managed by TCTI, the false and misleading representations being offered in interstate commerce. These statements misrepresent the nature, characteristics, qualities, and availability of the training.

38. Defendants, whose statements are made through the website they control, and statements made through the telephone number answered by their daughter, while in the employment of a CMSP provider, are expressly false, impliedly false, or both.

39. At all relevant times, Defendants knew or should have known that their advertising and promotional activities described herein were false, misleading, and deceptive.

40. Defendants' false and misleading statements have deceived, or have the tendency to deceive, a substantial segment of the intended audience about matters that are material to purchasing decisions, and the ability of consumers to receive the motorcycle safety training and benefits expected through the legislatively created State program, thereby negatively impacting the Plaintiffs and the California Motorcyclists Safety Program.

41. At all relevant times, Defendants' false and misleading statements were and are made in commercial advertising by the website in interstate commerce and violate Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

42. Plaintiffs are likely to suffer, have suffered, and will continue to suffer damages to its business and goodwill, the loss of sales and profits it would have made but for Defendants' wrongful acts, increased advertising, and marketing costs to correct the misrepresentations, all in an amount to be proven at trial.

43. Defendants' conduct has injured Plaintiffs and CMSP program intended to educate the general public, and unless enjoined, will continue to cause irreparable harm to Plaintiffs and the general public. The balance of equities and the public interest favor

enjoining Defendants' unlawful conduct. Plaintiffs are therefore entitled to equitable relief including injunctive relief as set forth in its Prayer for Relief.

## SECOND CAUSE OF ACTION

**(Violation of California's Unfair Competition Law ("UCL")**

**Cal. Bus. & Prof. Code §§ 17200, et seq.)**

40. Plaintiffs reallege and incorporate herein the facts and allegations as stated within paragraphs 1 through 43, inclusive, and makes a part hereof this Second Cause of Action by reference.

41. Defendants are subject to California's Unfair Competition Law, Cal. Bus. & Prof. Code §17200, et seq.

42. Under the UCL: "Unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising…."

43. Defendants violated the "unlawful" prong of the UCL by violating the Lanham Act and California's False Advertising Law (Cal. Bus. & Prof. Code §17500, et seq.), as alleged above and below.

44. Defendants violated the "unfair" prong of the UCL because its conduct is substantially injurious to consumers, to Plaintiffs, to the CMSP, offends public policy, and is immoral, unethical, unscrupulous, and whether by negligence or intent, causes harm and injury.

45. Defendants violated the "fraudulent" prong of the UCL by the false use of language and trademarked logos to highlight the presence and availability of certain TCTI and CMSP programs and curriculum, underscoring their positive qualities, and providing telephone numbers to contact, but at the same time, failing to disclose that Defendants were longer a part of any program named in the advertised website, and directing the consumers to a non-CMSP provider unable to provide the benefits expected.

46. Defendants continue to mislead as the telephone number available for contact then directs the consumer to a non-CMSP program provider under the mis-directed belief

the non-provider is affiliated with the Plaintiffs and/or the CMSP and the non-CMSP program provider can deliver the promised benefits.

47. Defendants' conduct has injured Plaintiffs, the CMSP, and the general public, and unless enjoined, will continue to cause irreparable harm to Plaintiffs, the CMSP, and the general public.

48. The balance of equities and the public interest favor enjoining Defendants' unlawful, unfair, and fraudulent conduct, and Plaintiffs are therefore entitled to equitable relief including injunctive relief as set forth in its Prayer for Relief.

## THIRD CAUSE OF ACTION

**(Violation of California's False Advertising Law ("FAL")**

**Cal. Bus. & Prof. Code §§ 17500, et seq.)**

49. Plaintiffs reallege and incorporate herein the facts and allegations as stated within paragraphs 1 through 48, inclusive, and makes a part hereof this Third Cause of Action by reference.

50. Defendants are subject to California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, et seq., and under the FAL, it is "unlawful, for any person . . . to make or disseminate or cause to be made or disseminated before the public in this states, . . . [in] any advertising device . . . or in any other manner or means whatever, including over the Internet, any statement concerning . . . personal property or those services, professional or otherwise, or concerning any circumstance or matter of fact connected with the proposed performance or disposition thereof, which is untrue or misleading, and which is known, or which by the existence of reasonable care should be known, to be untrue or misleading."

51. Defendants committed acts of false advertising, as defined in sections 17500, et seq., by the false use of language and trademarked logos to highlighting the presence or availability of certain TCTI and CMSP programs and curriculum, underscoring their positive qualities, and providing telephone numbers to contact, but at the same time, failing to disclose that Defendants were longer a part of any program named in the advertised

website, while also misdirecting the consumer to a non-CMSP provider that is unable to provide the CMSP benefits.

52. Defendants knew or should have known through the exercise of reasonable care that their representations were untrue and misleading.

53. Defendants' actions in violation of the FAL were false and misleading such that the general public is and was likely to be deceived.

54. Plaintiffs and the CMSP are likely to suffer, has suffered, and will continue to suffer irreparable injuries as a result of Defendants' wrongful acts. Plaintiffs have lost and will continue to lose money or property due to Defendants' false advertising campaign, which has induced and continues to induce consumers to make purchasing decisions based on misleading representations, also endangering the safety of those consumers by misdirection to a non-CMSP program.

55. Consumers would not have participated with the non-CMSP provider on the same terms if they knew the truth the non-CMSP provider is not affiliated and cannot provide the same benefits of safety education, training, license waiver recognition, and a reduction in the cost of vehicle insurance.

56. Defendants' conduct has injured Plaintiffs, the CMSP, and the general public, and unless enjoined, will continue to cause irreparable harm to Plaintiffs, the CMSP, and the general public. The balance of equities and the public interest favor enjoining Defendants' unlawful conduct, and Plaintiffs are therefore entitled to equitable relief including injunctive relief as set forth in its Prayer for Relief.

## FOURTH CAUSE OF ACTION

### (Trade Libel)

57. Plaintiffs reallege and incorporate herein the facts and allegations as stated within paragraphs 1 through 56, inclusive, and makes a part hereof this Fourth Cause of Action by reference.

58. The first such organization in its industry to be nationally certified, Plaintiffs have established themselves as a recognized motorcycle safety education trainer, being

awarded the contract to reorganize and manage the California Motorcyclists Safety Program ("CMSP"), starting at the end of 2014 and continuing to the present day.

59. In the most recent budget year for the State of California, Plaintiffs, through its management of the CMSP, was one of the mandated traffic education safety programs responsible for California receiving approximately $8.8 billion dollars in federal highway funding.

60. Defendants have made false statements disparaging the quality and performance of TCTI and the CMSP to achieve personal economic advantage, and to reduce the economic success of TCTI and the CMSP. These false statements include but are not limited to those also made to misdirect consumers away from a CMSP approved training provider to a non-CMSP training provider stating that the non-CMSP provider can provide the same benefits in an objectively false statement of fact.

61. These false statements on the website and by telephone are clearly understood by reasonable consumers to refer to and include TCTI and CMSP.

62. Defendants' false and disparaging statements about TCTI and the CMSP have damaged, and will continue to damage, Plaintiffs' and the CMSP's hard-earned reputation as a provider of superior, quality motorcycle safety education training because the statements (a) falsely cast the availability of training through the website, expected, but denied, causing consumer disappointment and mistrust, and (b) misdirecting consumers to a non-CMSP provider of provider of unsafe, inferior products claiming falsely the availability of CMSP benefits.

63. Defendants knew these statements were false or made these false and disparaging statements of fact with reckless disregard for the truth. Further, Defendants knew or should have recognized that consumers might act in reliance on Defendants' false and disparaging claims, thereby causing harm to Plaintiffs, the CMSP, and the general public.

64. Defendants have published the false statements identified above by distributing them to consumers on a national basis, through interstate commerce, including within this judicial district.

65. Defendants' false and disparaging statements were and are a substantial factor in causing direct financial harm to Plaintiffs and CMSP by deterring customers from purchasing the Motorcycle Safety Education Program from Plaintiffs and/or the CMSP.

66. Plaintiffs have lost and will continue to lose money or property due to Defendants' false advertising campaign, which has induced and continues to induce consumers to make purchasing decisions based on false and disparaging claims.

67. Defendants' conduct has injured Plaintiffs, CMSP, and the general public, and unless enjoined, will continue to cause irreparable harm. The balance of equities and the public interest favor enjoining Defendants' unlawful conduct. Plaintiffs are therefore entitled to equitable relief including injunctive relief as set forth in its Prayer for Relief.

68. Defendants' acts as alleged herein were willful, oppressive, malicious, and/or fraudulent. Accordingly, Plaintiffs seek both actual damages in tort and punitive or exemplary damages in an amount appropriate to punish and make an example of Defendants, and to deter such wrongful conduct in the future.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request the following relief:

A. Judgment be entered in Plaintiffs' favor on each cause of action in the complaint;

B. An order permanently enjoining Defendants, and their agents, servants, employees, and all others in active concert or participation with Defendants, from falsely claiming, whether directly or by implication, in any advertising or promotional communications, that Defendants have any right or permission or affiliation with TCTI, with CMSP, with its Curriculum, logos, programs or benefits;

C. An order directing an accounting of all gains, profits, savings, and advantages realized by Defendants from their false advertising, unfair competition, and other violations of law as identified above;

D. An order directing Defendants to disseminate, in a form to be approved by the Court, advertising designed to correct the false and misleading claims made by Defendants through advertising or promotional communications;

E. An award to Plaintiffs of damages attributable to Defendants' acts, and for each Cause of Action, in excess of $75,000 but in an amount to be determined at trial;

F. An award to Plaintiffs of profits earned by Defendants attributable to their acts, in excess of $75,000 but in an amount to be determined at trial;

G. A declaration that this is an "exceptional case" due to the willful nature of Defendants' false advertising, and awarding damages and attorneys' fees and costs to Plaintiffs pursuant to 15 U.S.C. §1117, and any other damages including treble damages and attorneys' fees to the full extent allowable under the law;

H. An order pursuant to Section 34(a) of the Lanham Act, 15 U.S.C. § 1116(a) requiring Defendants to serve on Plaintiffs, within 30 days after service on Defendants of an injunction or such extended period as the Court may direct, a report in writing under oath setting forth in detail the manner in which Defendants have complied with the injunction;

I. An award to Plaintiffs of pre-judgment interest on any monetary award in this action;

J. An award of the costs and disbursements of this action;

K. Punitive and exemplary damages as permitted by law and in an amount to be proven at trial;

L. Referencing the Lis Pendens – Notice of Pending Action served and recorded against the Defendants at the commencement of this action to prevent known acts of the Defendants to shift assets to prevent satisfaction of judgment, an order to convert that Lis

Pendens to a permanent lien supported by judgment, and to make such lien and judgment non-dischargeable; and

  M. Such other and further relief as the Court may deem just and proper.

DATED:  August 28, 2024   DOYLE SCHAFER MCMAHON, LLP


By */s/ Daniel W. Doyle*
DANIEL W. DOYLE, ESQ.
Attorneys for Plaintiffs, TOTAL CONTROL TRAINING, INC., et al.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs TOTAL CONTROL TRAINING, INC. ("TCTI") and TOTAL CONTROL TRAINING, INC. ex rel CMSP hereby demand a trial by jury on all issues raised by the Complaint that are triable by jury.

DATED: August 28, 2024

DOYLE SCHAFER MCMAHON, LLP

By */s/ Daniel W. Doyle*
DANIEL W. DOYLE, ESQ.
Attorneys for Plaintiffs, TOTAL CONTROL TRAINING, INC., et al.